(83 App. Div. 399.)

LEVINE v. GOLDSMITH et al.

(Supreme Court, Appellate Division, First Department.   May 15, 1903.)

1. PURCHASE OF LANDS—TENANTS IN COMMON—PARTNERSHIP.
    Plaintiff and defendant agreed to invest profits of a business in real estate, which was to be rented for profit.   In order to do this more expeditiously, a bank account was opened under the name of G. & L., to which both parties contributed an equal amount, and from such deposits property was purchased; the deeds running to G. and L. as individuals.

Such property was subsequently operated, and other investments made from the funds so contributed, in the name of G. & L. *Held*, that such facts were insufficient to show that plaintiff and defendant purchased such real estate as partners, but that they held the same as tenants in common, under 1 Rev. St. (1st Ed.) p. 727, pt. 2, c. 1, tit. 2, § 44, declaring that every estate granted or devised to two or more persons in their own right shall be a tenancy in common.

Appeal from Trial Term, New York County.

Action by Julius Levine against Gustavus A. Goldsmith and others. From an interlocutory judgment in favor of plaintiff, defendant Gustavus A. Goldsmith appeals. Affirmed.

See 75 N. Y. Supp. 706.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Edmond E. Wise, for appellant.

Elek John Ludvigh, for respondent.

INGRAHAM, J. The plaintiff has obtained an interlocutory judgment directing a partition of the real property described in the complaint, and the defendant has appealed from that judgment.

The complaint alleges that the plaintiff and the defendant Gustavus A. Goldsmith are tenants in common of the six parcels of real property described in the complaint; the plaintiff being seised and possessed of one undivided half, and the defendant Gustavus A. Goldsmith of the other undivided half thereof. The defendant admits that he and the plaintiff are possessed in fee of the lands, but denies that they are possessed of an undivided interest in common, and alleges that the plaintiff and the defendant purchased the real estate described in the complaint as copartners, and that the same is the property of an existing copartnership between the plaintiff and the defendant. The question involved is whether this property was purchased by a copartnership of which the parties to the action were partners, and thus the real estate purchased was copartnership property, or whether the property was conveyed to and is held by the parties to this action as tenants in common. The deeds conveyed the property to "Gustavus A. Goldsmith and Julius Levine"; the contention of the defendant, however, being that the plaintiff and the defendant organized a firm for the purpose of purchasing real estate and renting the same as a business enterprise, and that before this property could be divided there must be a dissolution of the copartnership, and the liquidation of affairs of the firm. The property being conveyed to the two parties interested in it by virtue of the statute, the grantees became tenants in common. 1 Rev. St. (1st Ed.) p. 727, pt. 2, c. 1, tit. 2, § 44. It is there provided that "every estate granted or devised to two or more persons, in their own right, shall be a tenancy in common, unless expressly declared to be in joint tenancy"; and this provision is continued in the real property law (section 56, c. 547, p. 569, of the Laws of 1896). There is no question as to creditors. The claim of the defendant is based entirely upon an understanding that is alleged to have existed between the parties at the time when the purchase of the property was determined on. It appeared that the plaintiff and

Gustavus A. Goldsmith were engaged in business as the Goldsmith, Hoffman & American Collar Company, from which they had realized large profits; that about the time this property was purchased they had a discussion as to what they should do with the profits that had accrued to them from their business. The defendant testified that he said to the plaintiff that "we should form a nucleus of doing some business outside of our regular business, where I had plenty of time, and we had plenty of money, and he was satisfied, and we created, substantially, the firm of Goldsmith & Levine, and went to the bank and made deposits there in that name, and bought property; also bought stock"; that a bank account was opened in the name of Goldsmith & Levine, in which was deposited the moneys contributed for the purchase of property; that the two parties contributed their proportion of the money which was deposited in this bank account, and checks were drawn on that account for the amounts required for the purchase of the various pieces of property; that books were kept in the name of Goldsmith & Levine, in which were entered the money contributed, the moneys paid for the various pieces of property, and the rents received from the property, and in these accounts were entered various sums of money borrowed or loaned at various times for the use of the two parties interested. It appeared that each of the parties contributed the same amount, and at the end of each year what were called the "profits" (that is, rents from this property, and interest on loans or profits from investments made) were equally divided between the two interested. The plaintiff testified as to this conversation that:

"Mr. Goldsmith and I had been discussing our accumulations of profits in the collar company, and we were both very desirous of making some investment better than we had our money in then, where we were simply receiving interest on it. Mr. Goldsmith thought perhaps it would be well to buy some real estate as a permanent investment, and at the same time probably a profitable one. I thought that it might be a good thing to do. He wanted to know whether I would join in the purchase of property if he could find something that would promise well. I said I would. * * * As he just explained, he had not very much to do. He had ample time. He looked about, and he found some pieces of property that he recommended to me. He wanted to know whether I would join him in buying them. I said I would, and I went to look at the property, and we purchased those three pieces—I think, all within a few weeks—and, when the contracts were signed for the property, we each drew from our credits in the G., H. & A. Company, and paid our proper proportions, one-half each."

—That there was never anything said about forming an outside co-partnership; that subsequently, after the purchase of the property, it was suggested that it might be cumbersome to use the two individual names in making leases or other papers, and Mr. Goldsmith suggested that it would be a good idea to adopt some name that would be used together with less trouble, and he then suggested the name of Goldsmith & Levine, to which the plaintiff assented, and that name was continued to be used in transacting the business in relation to this real estate; that the property was all paid for with checks drawn on the bank account in the name of Goldsmith & Levine, and each of the parties deposited in the bank their proportions of the amount to be paid; that this name of Goldsmith & Levine was

adopted and the bank account opened before paying the purchase money for the purchase of this real estate. Upon this testimony, I fail to see that this was anything more than an arrangement between these two individuals to purchase this property in common, and that, under the provisions of the Revised Statutes, the estate granted was a tenancy in common, and the title to the property was held by the grantees as tenants in common. That the parties adopted a joint name in dealing with the property, and that they invested the rents or profits realized from the real estate investments by purchasing securities in their joint name, or by jointly loaning the money to others, is not at all inconsistent with the title by which they held this real property. The small amount of existing debts—less than $100— which had been incurred in the management of the property is undoubtedly the joint obligation of the two parties in whose name and for whose benefit the indebtedness had been incurred. There was nothing shown that would justify a court of equity in changing the character of the title of this real estate. The rights of creditors are not in question. The parties are solvent and able to answer for all their obligations, and conceding that there was an agreement which contemplated a joint adventure, and applying the rule established in this state, that:

"In the absence of any agreement, express or implied, between the partners to the contrary, partnership real estate retains its character in realty, with all the incidents of that species of property, between the partners themselves. * * * The working out of the rights which grow out of the partnership relation does not seem to. require that the character of the property should be changed until the occasion arises for a conversion, and then only to the extent required." Darrow v. Calkins, 154 N. Y. 503, 49 N. E. 61, 48 L. R. A. 299, 61 Am. St. Rep. 637.

—It would appear that, the legal title of the parties being that of tenants in common, the incidents of that tenancy were preserved, and that either of the tenants in common had the right to have the property partitioned.

Objections are made to the form of the interlocutory judgment, but we think them frivolous.

It follows that the judgment appealed from must be affirmed, with costs. All concur.